UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RYAN BARBOSA,

                              Plaintiff,

     v.                                               8:25-cv-01516 (AMN/TWD)

STEFAN ANDREWS,

                              Defendant.
_____

**APPEARANCES:**                                                **OF COUNSEL:**

**RYAN BARBOSA, III**
15224
Jefferson County Correctional Facility
753 Waterman Drive
Watertown, NY 13601
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

      On October 8, 2025, Ryan Barbosa ("Plaintiff") commenced this action *pro se* against Stefan Andrews ("Defendant") alleging injuries related to an incident occurring on October 3, 2024.  *See* Dkt. No. 1 ("Complaint").[1]  On the same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP").  *See* Dkt. No. 2.

      This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who granted Plaintiff's request to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915.  Dkt. No. 6 at 2 ("Report-Recommendation").  On December 10, 2025, Magistrate Judge

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

1

Dancks recommended that this Court dismiss Plaintiff's claim without prejudice for lack of subject matter jurisdiction. *Id.* at 7. Magistrate Judge Dancks further recommended that the Court grant Plaintiff leave to amend. *Id.* at 8. Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Dancks advised that the parties had fourteen days within which to file written objections and that failure object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 9. No party has filed objections, and the time for filing objections has expired.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II.  STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because no party has filed any objection to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks recommended that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. *See* Dkt. No. 6 at 5-8. A federal court has jurisdiction over a matter only when it presents a "federal question," 28 U.S.C. § 1331, or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Because Plaintiff filed this action using the Court's form complaint for violations of civil rights, *see* Dkt. No. 1, Magistrate Judge Dancks considered whether Plaintiff adequately alleged a federal question claim pursuant to 42 U.S.C. § 1983, Dkt. No. 6 at 5. To state a claim under § 1983, a plaintiff must allege that the challenged conduct (1) was "committed by a person acting under color of state law," and (2) "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545,

3

547 (2d Cir. 1994)). Magistrate Judge Dancks found that Plaintiff had not alleged any deprivation of rights secured by the Constitution or by federal law and that Plaintiff had not alleged facts plausibly showing that Defendant was a state actor or private party acting under the color of state law.[2] Dkt. No. 6 at 6. Therefore, the Court does not have federal question jurisdiction over Plaintiff's claims.

Magistrate Judge Dancks also found that Plaintiff had not adequately alleged a basis for diversity jurisdiction. *Id.* at 6. To establish diversity jurisdiction, diversity between all plaintiffs and all defendants must be complete. *See Cushing v. Moore*, 970 F.2d 1103, 1106 (2d Cir. 1992). This Circuit maintains a rebuttable presumption that an incarcerated plaintiff retains his pre-incarceration domicile. *See Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n. 3 (S.D.N.Y. 2007). Magistrate Judge Dancks was unable to determine whether Plaintiff and Defendant are citizens of different states because, while Plaintiff states that Defendant is domiciled in New York and Plaintiff is currently incarcerated in New York, Plaintiff did not identify the state of his pre-incarceration domicile. Dkt. No. 6 at 7. Therefore, because Plaintiff did not allege that he and Defendant are citizens of different states, complete diversity is lacking. *Id.* at 6. Additionally, Magistrate Judge Dancks found that Plaintiff did not allege facts supporting an amount-in-controversy exceeding the required sum of $75,000. *Id.* at 7.

In accordance with her recommendation to dismiss for lack of subject matter jurisdiction, Magistrate Judge Dancks recommended dismissing Plaintiff's Complaint without prejudice. *Id.* at 8; *see Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016) (noting that dismissal for lack of subject matter jurisdiction must be without prejudice because "without jurisdiction, the

---

[2] Construing the Complaint liberally, Magistrate Judge Dancks noted that Plaintiff may be alleging state law claims for assault and battery, in which case such claims would likely be time-barred. Dkt. No. 6 at 6 n. 4; *see* N.Y. C.P.L.R. § 215.

district court lacks the power to adjudicate the merits of the case"). Given Plaintiff's *pro se* status, Magistrate Judge Danks also recommended granting Plaintiff leave to amend. Dkt. No. 6 at 8.

After reviewing the Report-Recommendation and considering Magistrate Judge Dancks' findings, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

IV. **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 6, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, be **DISMISSED without prejudice and with leave to amend**; and the Court further

**ORDERS** that any amended complaint must be filed **within thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that, if Plaintiff timely files an amended complaint, it shall be referred to Magistrate Judge Dancks for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 23, 2026
      Albany, New York

Anne M. Nardacci
U.S. District Judge